**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ARGENTUM MEDICAL, LLC,

    Plaintiff,

        v.

NOBLE BIOMATERIALS, and DERMA
SCIENCES, INC.,

    Defendants.

NOBLE BIOMATERIALS,

    Counter-Claim Plaintiff,

        v.

ARGENTUM MEDICAL, LLC, THOMAS
MILLER and GREGG SILVER,

    Counter-Claim Defendants.

NO. 3:08-CV-1305

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration of this Court's July 1, 2010 Memorandum and Order. For the reasons discussed more fully below, Plaintiffs' Motion will be denied.

## BACKGROUND

### A.    Factual Background

This case relates to United States Patent Number 7,230,153 ("the '153 patent"), which discloses a Multi-Layer Conductive Appliance Having Wound Healing and Analgesic Properties. The '153 patent names A. Bart Flick as its inventor and Argentum International, LLC ("International") as the assignee. International and Argentum then entered into a license agreement, effective on March 28, 2001, that granted Argentum exclusive rights in the '549

patent applications and all continuations, continuations-in-part, and divisionals filed on that application. (Doc 177, Ex. T.) Flick testified in his deposition that the date of this license agreement did not reflect the actual date that the agreement was signed, and that it was not signed until some time in 2003. (Flick Dep. 96:4-8, July 14, 2009.) According to Flick, the license agreement was backdated "as a mechanism to hide assets from the Plaintiffs" in a case against International. (Flick Dep. 98:25-99:2.)

There is also an Assignment of Patent, wherein International assigned the '549 patent to Argentum Research, Inc. ("Research"); this assignment was signed on February 25, 2001, over a month prior to the effective date of the transfer between International and Argentum. (Doc. 177, Ex. T.) This assignment transferred to Research "the entire right, title, and interest in and to the ['549 patent], and in and to all inventions and improvements disclosed and described in [the '549 patent], and to any reissue and other applications therefor." (Doc. 177, Ex. T.) However, on February 15, 2005, Research and International entered into a *nunc pro tunc* assignment supposedly effective as of February 25, 2001; this transfer assigned the rights in the '549 patent and any continuations or continuations-in-part from Research back to International.

### B.    Procedural Background

The current case was initiated by Plaintiffs\Counterclaim Defendants ("Argentum") against Defendants in the Northern District of Illinois on December 3, 2007. On April 21, 2008, Argentum filed an Amended Complaint bringing four (4) counts against the Defendants. (Am. Compl., Doc. 45.)  Count I of the Amended Complaint alleged a patent infringement claims against Defendants Noble and Derma.  Count II alleged a false

2

designation of origin claim against Derma.  Counts III and IV alleged state law claims for deceptive trade practices and tortious interference with a prospective economic advantage by Derma.

On October 27, 2009, Derma and Noble filed a Motion for Summary Judgment on all claims asserted against them in the Second Amended Complaint, and on Count I of Noble's counterclaims, seeking Declaratory Judgment of the Invalidity of the '153 patent. (Doc. 153.) Argentum also filed a Motion for Summary Judgment on its claim for patent infringement (Count I), on October 27, 2009. (Doc. 154.) Derma also filed a separate Motion for Summary Judgment on Counts II, III, and IV of the Second Amended Complaint. (Doc. 157.)

On July 1, 2010, this Court dismissed Count I of Plaintiffs' Amended Complaint, the patent infringement claim, denied Plaintiffs' Motion for Summary Judgment,  and granted Defendant Derma's Motion for Summary Judgment.  Regarding the dismissal of Count I, this Court found that Plaintiff Argentum lacked standing to bring the patent infringement claim since it never had title to the patent it purported to sue on.  Essentially, this Court did not find the *nunc pro tunc* assignment on February 15, 2005 between Argentum Research and Argentum International to be a legally effective remedy to the illegitimate March 28, 2001 dated assignment between Argentum International and Argentum.  Plaintiff Argentum then filed this Motion for Reconsideration on July 17, 2010, asking the Court to alter its ruling and find that Argentum does have standing to bring a patent infringement claim.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of

entry.  Fed. R. Civ. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002).  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."  *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Argentum's Motion for Reconsideration fails because it does not meet the legal standard required for it to be granted.  Argentum offers two bases for reconsideration of this Court's ruling on their lack of standing to bring the patent infringement claim: (1) case law that purports to show that *nunc pro tunc* conveyances are in fact legally effective; and (2) an argument that even if the *nunc pro tunc* conveyance was legally ineffective, Argentum

4

International still had obtained the necessary rights from Argentum Research by February 2005, and therefore Argentum was in possession of those rights, via the 2003 grant, well before it brought suit in 2007. Neither of these bases, even if correct, is sufficient for this Court to amend its prior ruling.

As stated above, to succeed on a Motion for Reconsideration, the moving party essentially must show: (1) a change in the law; (2) a change in the facts (new evidence); or (3) clear error on the part of the Court.

Turning to Argentum's first claim, that there is case law supporting their claim that *nunc pro tunc* conveyances are legally effective, Argentum points to *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206 (Fed. Cir. 1998). There, the owner of a patent, La Gard, counter-claimed for patent infringement. While litigation was proceeding, La Gard assigned the patent-in-suit to Masco Corporation and Masco continued to pursue the infringement claims. When Mas-Hamilton then moved for dismissal of the counterclaim on the ground that Masco lacked standing, La Gard executed a *nunc pro tunc* assignment to Masco, allowing them to sue for past infringements. When this was objected to by Mas-Hamilton, the Federal Circuit allowed it, stating that "standing was not deficient at the time the suit was filed, nor at the time the appeal was filed. Hence operation of the supplemental assignment specifying the grant of the right to sue for past infringement is not being used to cure deficient standing." *Mas-Hamilton Group*, 156 F. 3d at 1211.

Although Argentum now argues that *Mas-Hamilton* demonstrates the legal effectiveness of their *nunc pro tunc* assignment, the cases are distinguishable. *Mas-Hamilton* can be read as simply standing for the proposition that a party may assign the right to sue for past infringements, and the court in *Mas-Hamilton* appeared to ground its ruling

5

on that well-established proposition rather than the *nunc pro tunc* nature of the assignment. Furthermore, this is not a new case and does not represent an intervening change in the law. Argentum was free to cite this case when it made its arguments for the legitimacy of the *nunc pro tunc* assignment at the Summary Judgment stage and chose not to. A Motion for Reconsideration is not the proper forum to re-iterate previous arguments.

Turning to Plaintiffs' second basis for reconsideration, Argentum argues that, regardless of the legal validity of the *nunc pro tunc* assignment, Argentum International had obtained the necessary rights from Argentum Research by February 2005, and therefore Argentum was in possession of those rights, via the 2003 grant, well before it brought suit in 2007.

Before even addressing the increasingly convoluted logic of Argentum's claim, it should be noted once again that a Motion for Reconsideration is not the forum to re-litigate old arguments or bring up arguments that could have been introduced at the Summary Judgment stage.

Furthermore, as this Court pointed out in its Opinion dismissing Argentum's patent infringement claim, it has never been established by Argentum that they were in fact *in existence* on March 28,2001, the date of the transfer to Argentum of the patent rights. (Op. at 9, n.2.) Although Argentum claims in its Brief in Support of its Motion for Reconsideration that it had been incorporated in Delaware on March 8, 2001 and was then re-incorporated a year later in Illinois, (Pl. Br. in Supp. at 8), it has never provided any evidence to support that claim. It is self-evident that contract rights cannot be created in a legal entity that does not exist. As a result, even if this new legal theory was acceptable under the standard for Reconsideration, which it is not, the Plaintiffs' theory is fundamentally flawed.

6

## **CONCLUSION**

For the reasons detailed above, the Court will deny Plaintiffs' Motion for Reconsideration (Doc. 192). An appropriate order follows.


  9/21/10                                          /s/ A. Richard Caputo
Date                                              A. Richard Caputo
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ARGENTUM MEDICAL, LLC,

    Plaintiff,

        v.

NOBLE BIOMATERIALS, and DERMA
SCIENCES, INC.,

    Defendants.

NOBLE BIOMATERIALS,

    Counter-Claim Plaintiff,

        v.

ARGENTUM MEDICAL, LLC, THOMAS
MILLER and GREGG SILVER,

    Counter-Claim Defendants.

NO. 3:08-CV-1305

(JUDGE CAPUTO)

## ORDER

    **NOW**, this _____21st_____ day of September, 2010, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 192) is **DENIED.**

                         /s/ A. Richard Caputo_____
                         A. Richard Caputo
                         United States District Judge