# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARGENTUM MEDICAL, LLC, | |
| Plaintiff, | NO. 3:08-CV-1305 |
| v. | (JUDGE CAPUTO) |
| NOBLE BIOMATERIALS, and DERMA SCIENCES, INC., | |
| Defendants. | |
| NOBLE BIOMATERIALS, | |
| Counter-Claim Plaintiff, | |
| v. | |
| ARGENTUM MEDICAL, LLC, THOMAS MILLER and GREGG SILVER, | |
| Counter-Claim Defendants. | |

## MEMORANDUM

Presently before the Court is a Motion to Leave to Amend Answers to Assert Affirmative Defenses (Doc. 197) filed by Plaintiffs\Counter-Claim Defendants Argentum Medical, LLC ("Argentum"), Thomas Miller, and Gregg Silver. For the reasons stated below, the Motion will be denied.

## BACKGROUND

This case relates to United States Patent Number 7,230,153 ("the '153 patent"), which discloses a Multi-Layer Conductive Appliance Having Wound Healing and Analgesic Properties. The '153 patent names A. Bart Flick as its inventor and Argentum International, LLC ("International") as the assignee. International and Argentum then entered into a license agreement, effective on March 28, 2001, that granted Argentum exclusive rights in the '549

patent applications and all continuations, continuations-in-part, and divisionals filed on that application. (Doc 177, Ex. T.) Flick testified in his deposition that the date of this license agreement did not reflect the actual date that the agreement was signed, and that it was not signed until some time in 2003. (Flick Dep. 96:4-8, July 14, 2009.) According to Flick, the license agreement was backdated "as a mechanism to hide assets from the Plaintiffs" in a case against International. (Flick Dep. 98:25-99:2.)

There is also an Assignment of Patent, wherein International assigned the '549 patent to Argentum Research, Inc. ("Research"); this assignment was signed on February 25, 2001, over a month prior to the effective date of the transfer between International and Argentum. (Doc. 177, Ex. T.) This assignment transferred to Research "the entire right, title, and interest in and to the ['549 patent], and in and to all inventions and improvements disclosed and described in [the '549 patent], and to any reissue and other applications therefor." (Doc. 177, Ex. T.) However, on February 15, 2005, Research and International entered into a *nunc pro tunc* assignment supposedly effective as of February 25, 2001; this transfer assigned the rights in the '549 patent and any continuations or continuations-in-part from Research back to International.

The current case was initiated by Plaintiffs\Counter-Claim Defendants against Defendants in the Northern District of Illinois on December 3, 2007. On April 21, 2008, Argentum filed an Amended Complaint bringing four (4) counts against the Defendants. (Am. Compl., Doc. 45.) Count I of the Amended Complaint alleged a patent infringement claim against Defendants Noble and Derma. Count II alleged a false designation of origin claim against Derma. Counts III and IV alleged state law claims for deceptive trade practices and tortious interference with a prospective economic advantage by Derma.

On November 12, 2008, Defendant\Cross-Claim Plaintiff Noble Biomaterials filed its Answer along with six Counter-Claims. (Doc. 102.) The Counter-Claims were for: Declaratory Judgment of Invalidity (Count I); Declaratory Judgment of Fraud on the Patent Office (Count II); Patent Misuse (Count III); Unfair Competition (Count IV); Violations of the Lanham Act (Count V); and Product Disparagement (Count VI). Defendant\Cross-Claim Plaintiff Derma Sciences, Inc. also filed Counter-Claims similar to Counts I - III.

On October 27, 2009, Derma Sciences and Noble Biomaterials filed a Motion for Summary Judgment on all claims asserted against them in the Second Amended Complaint, and on Count I of Noble's counterclaims, seeking Declaratory Judgment of the Invalidity of the '153 patent. (Doc. 153.) Argentum also filed a Motion for Summary Judgment on its claim for patent infringement (Count I), on October 27, 2009. (Doc. 154.) Derma also filed a separate Motion for Summary Judgment on Counts II, III, and IV of the Second Amended Complaint. (Doc. 157.)

On July 1, 2010, the Court dismissed Count I of Plaintiffs' Amended Complaint, the patent infringement claim, denied Plaintiffs' Motion for Summary Judgment, and granted Defendant Derma's Motion for Summary Judgment. Regarding the dismissal of Count I, the Court found that Plaintiff Argentum lacked standing to bring the patent infringement claim since it never had title to the patent it purported to sue on. Essentially, the Court did not find the *nunc pro tunc* assignment on February 15, 2005 between Argentum Research and Argentum International to be a legally effective remedy to the assignment between Argentum International and Argentum dated March 28, 2001. Plaintiff Argentum then filed a Motion for Reconsideration on July 15, 2010 (Doc. 192) asking the Court to alter its ruling and find that Argentum does have standing to bring a patent infringement claim. The Court denied the

3

Motion for Reconsideration on September 9, 2010. (Doc. 196.) The Plaintiffs\Counter-Claim Defendants then filed a Motion for Leave to Amend Answers to Assert Affirmative Defenses on October 9, 2010. (Doc. 197.) Plaintiffs\Counter-Claim Defendants argue that, while the Court dismissed Noble's first Counter-Claim in its July 1, 2010 Memorandum Order, and effectively dismissed Noble's Second and Third Counter-Claims as well, Noble's remaining Counter-Claims should be time barred. The Motion has been fully briefed and is ripe for review.

## **DISCUSSION**

The Motion for Leave to Amend Answers to Assert Affirmative Defenses (Doc. 197) will be denied. Plaintiffs\Counter-Claim Defendants seek to amend their respective Answers to assert the affirmative defenses based on the statute of limitations and laches. It is established that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings ... by leave of court ... and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing,* 663 F.2d

419, 425 (3d Cir.1981). However, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Foman,* 371 U.S. at 182. Regarding undue delay as a ground for denying a leave to amend, the Third Circuit has held that, "The mere passage of time does not require that a motion to amend ... be denied on grounds of delay ... However, 'at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party'." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (internal citations omitted). Specifically, "the question of undue delay requires that we focus on the movant's *reasons* for not amending sooner." *Cureton*, 252 F.3d at 274 (internal citation omitted) (emphasis added).

Here, putting aside the futility issue, there has been undue delay on the part of Plaintiffs\Counter-Claim Defendants in raising laches and statute of limitation defenses and allowing the Plaintiffs\Counter-Claim Defendants to amend their respective Answers now would prejudice Counter-Claim Plaintiff Noble Biomaterials. While there is no bright-line rule for determining when a delay becomes "undue," the fact that the Counter-Claim Defendants had the information, culled from discovery, upon which they are now attempting to base new affirmative defenses for nearly two years is sufficient for a finding of undue delay. Furthermore, Counter-Claim Defendants do not offer any reason in either their Motion or their Supporting Brief as to why they have waited so long to raise these defenses. Allowing the Counter-Claim Defendants to amend their respective Answers at this point

5

would also prejudice the Counter-Claim Plaintiffs. With trial quickly approaching, forcing the Counter-Claim Plaintiffs to divert finite resources away from their trial preparation and toward new issues that Cross-Claim Defendants have been aware of for months would be unnecessarily prejudicial.

## **CONCLUSION**

For the reasons detailed above, the Court will deny Plaintiffs'\Cross-Claim Defendants' Motion for Leave to Amend Answers to Assert Affirmative Defenses (Doc. 197). An appropriate order follows.


| 12/7/10 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARGENTUM MEDICAL, LLC, | |
| Plaintiff, | NO. 3:08-CV-1305 |
| v. | (JUDGE CAPUTO) |
| NOBLE BIOMATERIALS, and DERMA SCIENCES, INC., | |
| Defendants. | |
| NOBLE BIOMATERIALS, | |
| Counter-Claim Plaintiff, | |
| v. | |
| ARGENTUM MEDICAL, LLC, THOMAS MILLER and GREGG SILVER, | |
| Counter-Claim Defendants. | |

## ORDER

NOW, this ___7th___ day of December, 2010, **IT IS HEREBY ORDERED** that Plaintiffs'\Cross-Claim Defendants Motion to Leave to Amend Answers to Assert Affirmative Defenses (Doc. 197) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge