# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:08-CV-1305 |
| | ) | |
| v. | ) | (JUDGE CAPUTO) |
| | ) | |
| NOBLE BIOMATERIALS, and | ) | |
| DERMASCIENCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NOBLE BIOMATERIALS, | ) | |
| | ) | |
| Counter-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARGENTUM MEDICAL, LLC, | ) | |
| THOMAS MILLER and | ) | |
| GREGG SILVER, | ) | |
| | ) | |
| Counter-Claim Defendants. | ) | |

**THOMAS MILLER AND GREGG SILVER'S PRELIMINARY
MOTION FOR CONTINUATION OF AUTOMATIC STAY
PENDING RESOLUTION OF POST-TRIAL MOTIONS**

Pursuant to Federal Rule of Civil Procedure 62, defendants Thomas Miller and Gregg Silver (collectively, "Defendants") hereby move this Honorable Court for stay of execution on the Jury's punitive damage awards against Defendants. The Jury's award raises Constitutional issues that the Court should resolve before Noble Biomaterials, if appropriate, is allowed to commence proceedings to execute

on the punitive damage awards and thereby cause Defendants substantial personal hardship. As those issues are apparent on the face of the award, and despite the fact that all the transcripts are not yet available, the Court should immediately stay execution on the punitive awards against the individuals. In further support of this Motion, Defendants state as follows:

1. On February 10, 2011, the jury returned a verdict of $1 million in compensatory damages against Argentum Medical, LLC, and punitive damages against Thomas Miller and Gregg Silver of $1 million and $1.25 million respectively. (Doc. 278.) Plaintiff did not request, and thus did not receive, any finding that Miller and Silver were jointly liable for the compensatory award against Argentum and, thus, they owe no compensatory damages regardless of the outcome of the case against Argentum. The jury was specifically instructed to consider the allocation issues both in the initial instructions and in a subsequent conference and thus the decision to find that neither Miller nor Silver caused actual harm to Noble was a deliberate and meaningful act of the jury.

2. Judgment was entered on February 11, 2011. (Doc. 280.) Pursuant to Federal Rule of Civil Procedure 62(a), Noble Biomaterials is precluded from attempting to execute on the Judgment until after February 25, 2011. Pursuant to Federal Rule of Civil Procedure Rule 62(b), the Court has discretion to stay execution of the judgment pending resolution of Defendants' post-trial motions.

Defendants have not yet received all transcripts or completed post-trial motions, which are not due to be filed until March 10, 2011.

3. On its face the award against the individuals is constitutionally suspect and will require a close and independent review by this Court when the complete post-trial motions are submitted. Specifically, the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits awards of punitive damages that are grossly excessive and bear no reasonable relationship to the compensatory damages awarded. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (the United States Constitution prevents "grossly excessive" punitive damage award because such award "further[] no legitimate purpose and constitute an arbitrary deprivation of property."), and the United States Supreme Court and the Third Circuit have both held that any award of punitive damages that is more than a "single digit" multiple of the corresponding compensatory award is deserving of special scrutiny and likely unconstitutional.

4. Defendants further contend that the punitive damage awards against them bear no reasonable or rationale relationship to the compensatory damages the jury awarded and are unconstitutional. *Cf. Cooper Distrib. Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 281-84 (3d Cir. 1995) (vacating a punitive

damage award for tortuous interference where the jury found actual harm but $0 in compensatory damages). The determination of the constitutionality of the award belongs solely to the Court and the jury determinations are not placed at issue by a challenge to the constitutionality of the award. As such, issuing a stay with regard to the constitutional issues will not challenge or interfere with decisions of the jury.

5. Allowing Noble to execute on the punitive damages awards is likely to result in dire personal consequences for Defendants. Given the Constitutional issues the jury's verdict raises, notions of fundamental fairness dictate that the Court stay execution on the punitive damages award and resolve the Constitutional issues to determine whether it is appropriate for Noble to proceed on the punitive damages awards and, if so, in what amount. Absent a stay pending resolution of post-trial motions, there may be an unconstitutional taking of Defendants' property.

6. Defendants do not raise this motion now for purposes of delay or to avoid any obligations they may eventually owe. To that end, Defendants agree not to convey or encumber personal assets to evade the verdict, subject to day to day and ordinary course living expenses or medical emergencies for themselves or for their families.

7. As indicated, Rule 62(b), Fed.R.Civ.P., provides this Court with the discretion to stay execution of the judgment pending resolution of Defendants' post-trial motions. As a result, any potential execution at this point would be premature and likely to harm Defendants.

8. Defendants request a hearing on this Motion at the Court's earliest convenience.

9. Defendants will, as soon as possible, file the balance of their motions and also a request for a further stay on what they believe to be meritorious grounds. This motion is not intended to diminish or detract from Defendants' more comprehensive motion, or serve as the basis for a full explanation of the constitutional issues related to the punitive awards. Defendants believe that it is appropriate for the Court to consider this Motion before the balance of the Motions are submitted because 1) the verdict itself implicates settled constitutional principles and because 2) the constitutional issues raised by the verdict have not previously been analyzed the jury, the Court or anyone else.

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that the Court grant this Motion and stay execution on the punitive damages portion of the judgment until such time as the Court has ruled on Defendants' post-trial motions. In addition, the extent necessary, Defendants

request that the Court allow Defendants to incorporate this preliminary Motion into the subsequent motion for stay they intend to file concurrent with their post-trial motions.

/s/ Karoline Mehalchick
Karoline Mehalchick
Oliver, Price, & Rhodes
Attorney No. 87641
P.O. Box. 240
Clarks Summit, PA 18411
Ph: (570) 585-1200
Fax: (570) 585-5100


/s/ Leland W. Hutchinson, Jr.
Leland W. Hutchinson, Jr.
Freeborn & Peters LLP
311 S. Wacker Dr.
Suite 3000
Chicago, Illinois 60606
Ph: (312) 360-6000
Fax: (312) 360-6520

COUNSEL FOR ARGENTUM MEDICAL, LLC, THOMAS MILLER AND GREGG SILVER

## **CERTIFICATE OF NONCONCURRENCE**

I, **JOHN T. SHAPIRO, ESQUIRE**, of Freeborn & Peters, hereby certify that I have discussed the foregoing motion with Counter-Claim Plaintiff's counsel, Robert Hayes, Esquire, and he <u>does not</u> concur in this motion.

s/John T. Shapiro
John T. Shapiro, Esquire

## **CERTIFICATE OF SERVICE**

I, Karoline Mehalchick, Esquire, of Oliver, Price, and Rhodes, hereby certify that on the 25th day of February, 2011, I caused a true and correct copy of the foregoing COUNTERCLAIM DEFENDANTS' MOTION FOR CONTINUATION OF AUTOMATIC STAY IN ORDER TO ALLOW FOR SUFFICIENT TIME TO SECURE POST-TRIAL BOND OR OTHERWISE RESOLVE POST-TRIAL ISSUES to be served pursuant to the Federal and Local Rules of Civil Procedure as follows:

Robert W. Hayes
rhayes@cozen.com
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19 103

/s/ Karoline Mehalchick
Karoline Mehalchick