# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:08-CV-1305 |
| | ) | |
| v. | ) | (JUDGE CAPUTO) |
| | ) | |
| NOBLE BIOMATERIALS, and | ) | |
| DERMASCIENCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NOBLE BIOMATERIALS, | ) | |
| | ) | |
| Counter-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARGENTUM MEDICAL, LLC, | ) | |
| THOMAS MILLER and | ) | |
| GREGG SILVER, | ) | |
| | ) | |
| Counter-Claim Defendants. | ) | |

**BRIEF IN SUPPORT OF THOMAS MILLER AND GREGG SILVER'S PRELIMINARY MOTION FOR CONTINUATION OF AUTOMATIC STAY PENDING RESOLUTION OF POST-TRIAL MOTIONS**

Pursuant to Federal Rule of Civil Procedure 62, defendants Thomas Miller and Gregg Silver (collectively, "Defendants") hereby filed this Brief in Support of their Preliminary Motion for Continuation of Automatic Stay, and respectfully move this Honorable Court for a stay of execution on the Jury's punitive damage awards against Defendants. The Jury's award raises Constitutional issues that the

Court should resolve before Noble Biomaterials, if appropriate, is allowed to commence proceedings to execute on the punitive damage awards and thereby cause Defendants substantial personal hardship. As those issues are apparent on the face of the award, and despite the fact that all the transcripts are not yet available, the Court should immediately stay execution on the punitive awards against the individuals.

**I.** **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On February 10, 2011, following a nearly two week trial, the jury returned a verdict of $1 million in compensatory damages against Argentum Medical, LLC, and punitive damages against Thomas Miller and Gregg Silver of $1 million and $1.25 million respectively. (Doc. 278.) Plaintiff did not request, and thus did not receive, any finding that Miller and Silver were jointly liable for the compensatory award against Argentum and, thus, they owe no compensatory damages regardless of the outcome of the case against Argentum. The jury was specifically instructed to consider the allocation issues both in the initial instructions and in a subsequent conference and thus the decision to find that neither Miller nor Silver caused actual harm to Noble was a deliberate and meaningful act of the jury. Judgment was entered on February 11, 2011. (Doc. 280.)

**II.   QUESTION PRESENTED**

Should this Court stay execution on the punitive damages portion of the judgment until such time as the Court has ruled on Defendants' post-trial motions?

SUGGESTED ANSWER:  **YES**.

**III.   ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 62(a), Noble Biomaterials is precluded from attempting to execute on the Judgment until after February 25, 2011.  Pursuant to Federal Rule of Civil Procedure Rule 62(b), the Court has discretion to stay execution of the judgment pending resolution of Defendants' post-trial motions.  Defendants have not yet received all transcripts or completed post-trial motions, which are not due to be filed until March 10, 2011 under the Federal Rules of Civil Procedure.

On its face, the award against the individuals is constitutionally suspect and will require a close and independent review by this Court when the complete post-trial motions are submitted.  Specifically, Defendants submit that the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits awards of punitive damages that are grossly excessive and bear no reasonable relationship to the compensatory damages awarded.  *See* <u>BMW of N. Am., Inc. v. Gore</u>, 517 U.S. 559, 562 (1996); *see also* <u>State Farm Mut. Auto. Ins. Co. v.</u>

*Campbell*, 538 U.S. 408, 416 (2003) (the United States Constitution prevents "grossly excessive" punitive damage awards because such awards "further[] no legitimate purpose and constitute an arbitrary deprivation of property."). The United States Supreme Court and the Third Circuit have both held that any award of punitive damages that is more than a "single digit" multiple of the corresponding compensatory award is deserving of special scrutiny and likely unconstitutional.

Based on Defendants' research to date, they are aware of no case subsequent to the landmark decision in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996) where a court found constitutional a punitive damage award of $1 million (or more) when coupled with a finding that the same defendant caused no compensatory damage. As such, Defendants contend that the punitive damage awards against them bear no reasonable or rationale relationship to the compensatory damages the jury awarded and are therefore unconstitutional. *Cf. Cooper Distrib. Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 281-84 (3d Cir. 1995) (vacating a punitive damage award for tortious interference where the jury found actual harm but $0 in compensatory damages). This is not an issue that the jury considered; as a result, the determination of the constitutionality of the award belongs solely to the Court and the jury determinations are not placed at issue by a challenge to the constitutionality of the award. As such, issuing a stay

with regard to the constitutional issues will not challenge or interfere with decisions of the jury.

Defendants acknowledge for purposes of this motion that some courts have upheld the constitutionality of punitive damages in some circumstances even where no compensatory damages were awarded or the compensatory damages were nominal. Defendants do not agree that those decisions are correctly decided or even applicable. Such punitive awards have been upheld in limited legal circumstances involving claims under 42 U.S.C. § 1983 or discrimination cases and Defendants believe those cases are distinguishable. *See, e.g.*, <u>Riley v. Kurtz</u>, 194 F.3d 1313, 1999 WL 801560 (6th Cir. 1999) (in § 1983 action, vacating a punitive damages award of $15,000 and allowing $1,000 in punitive damages where jury awarded $3 in compensatory damages); <u>Shea v. Galazie Lumber & Constr. Co., Ltd.</u>, 152 F.3d 729, 736 (7th Cir. 1998) (finding that punitive damages are available under the FLSA retaliation provision and 42 U.S.C. § 1981a without a showing of compensatory damages, and finding $2,500 punitive damage award on Title VII sexual harassment claims was not "grossly out of line" with $1 compensatory award). Nevertheless, these cases can be considered for the purposes of this Motion in the event the Court rules that some portion of the punitive damage awards survives post-trial motions. Those cases, even while upholding some amount of a punitive award, indicate that the relationship in this

case between punitive and compensatory awards is almost certainly unconstitutional.

Allowing Noble to execute on the punitive damages awards is likely to result in dire personal consequences for Defendants. Given the Constitutional issues the jury's verdict raises, notions of fundamental fairness dictate that the Court stay execution on the punitive damages award and resolve the Constitutional issues to determine whether it is appropriate for Noble to proceed on the punitive damages awards and, if so, in what amount. Absent a stay pending resolution of post-trial motions, there may be an unconstitutional taking of Defendants' property.

Defendants do not raise this motion now for purposes of delay or to avoid any obligations they may eventually owe. To that end, Defendants agree not to convey or encumber personal assets to evade the verdict, subject to day to day and ordinary course living expenses or medical emergencies for themselves or for their families. As indicated, Rule 62(b), Fed.R.Civ.P., provides this Court with the discretion to stay execution of the judgment pending resolution of Defendants' post-trial motions. As a result, any potential execution at this point would be premature and likely to harm Defendants.

Defendants will, as soon as possible, file the balance of their motions and also a request for a further stay on what they believe to be meritorious grounds. This motion is not intended to diminish or detract from Defendants' more

comprehensive motion, or serve as the basis for a full explanation of the constitutional issues related to the punitive awards. Defendants believe that it is appropriate for the Court to consider this Motion before the balance of the Motions are submitted because 1) the verdict itself implicates settled constitutional principles and because 2) the constitutional issues raised by the verdict have not previously been analyzed the jury, the Court or anyone else. Finally, Defendants request a hearing on this Motion at the Court's earliest convenience.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, along with those set forth in their Motion, Defendants respectfully request that the Court grant this Motion and stay execution on the punitive damages portion of the judgment until such time as the Court has ruled on Defendants' post-trial motions. In addition, the extent necessary, Defendants request that the Court allow Defendants to incorporate this preliminary Motion into the subsequent motion for stay they intend to file concurrent with their post-trial motions.

                                                  Respectfully submitted:

                                                  /s/ Karoline Mehalchick
                                                  Karoline Mehalchick
                                                  Oliver, Price, & Rhodes
                                                  Attorney No. 87641
                                                  P.O. Box. 240
                                                  Clarks Summit, PA 18411
                                                  Ph: (570) 585-1200
                                                  Fax: (570) 585-5100

/s/ Leland W. Hutchinson, Jr.
Leland W. Hutchinson, Jr.
Freeborn & Peters LLP
311 S. Wacker Dr.
Suite 3000
Chicago, Illinois 60606
Ph: (312) 360-6000
Fax: (312) 360-6520

COUNSEL FOR ARGENTUM MEDICAL, LLC, THOMAS MILLER AND GREGG SILVER

## **CERTIFICATE OF SERVICE**

I, Karoline Mehalchick, Esquire, of Oliver, Price, and Rhodes, hereby certify that on the 25th day of February, 2011, I caused a true and correct copy of the foregoing BRIEF IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION FOR CONTINUATION OF AUTOMATIC STAY IN ORDER TO ALLOW FOR SUFFICIENT TIME TO SECURE POST-TRIAL BOND OR OTHERWISE RESOLVE POST-TRIAL ISSUES to be served pursuant to the Federal and Local Rules of Civil Procedure as follows:

>Robert W. Hayes
>rhayes@cozen.com
>Cozen & O'Connor
>1900 Market Street
>Philadelphia, PA 19 103

>/s/ Karoline Mehalchick
>Karoline Mehalchick