UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE BIOMATERIALS, | : |
| Counterclaim Plaintiff, | : No. 3:08-cv-01305 |
| v. | : HONORABLE A. RICHARD CAPUTO |
| ARGENTUM MEDICAL, LLC, THOMAS MILLER AND GREGG SILVER | : |
| Counterclaim Defendants. | : |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO ALTER OR AMEND THE JUDGMENT**

**PRELIMINARY STATEMENT**

After hearing extensive evidence establishing the wrongful acts of the defendants Argentum Medical, Thomas Miller, and Gregg Silver, the jury found that all three defendants had violated the Lanham Act and Pennsylvania state product disparagement law, and that Silver had violated Pennsylvania unfair competition law. To compensate Noble Biomaterials for its injuries, the jury awarded $1,000,000 in damages, assessed against Argentum Medical. Addressing Miller's and Silver's wrongful conduct, the jury also awarded punitive damages against each.

As Argentum Medical could only be held liable based upon the actions of its management or other employees, the jury could not have found that its violations of the Lanham Act and tortious conduct harmed Noble without also finding that Miller's and Silver's wrongful conduct caused these losses as well. The evidence demonstrated that Miller and Silver devised a scheme to abuse the patent laws to choke off SILVERSEAL's access to the market before it could obtain a foothold in the market and were primarily responsible for the implementation of this scheme.

To resolve this discrepancy, the Court should amend or mold the judgment to find Miller and Silver personally liable for the compensatory damages awarded. This is precisely the action taken by the District of New Jersey under virtually identical circumstances in a decision affirmed by the Third Circuit.

**STATEMENT OF THE FACTS**

On December 7, 2007, at Miller's and Silver's direction, Argentum Medical filed a patent infringement action against Noble and its principal distributor, Derma Sciences, Inc. ("Derma"), in the District Court for the Northern District of Illinois, claiming that SILVERSEAL infringed Patent No. 7,230,153 (the "'153 Patent). Argentum Medical asserted that it could enforce the '153 Patent based upon a document dated as of March 28, 2001 in the form of an exclusive license of the '549 Patent and its continuation patent. Flick purported to execute this

document on Argentum International's behalf (the "License Document"). (Trs., 2/7/11, p. 161:5-7.)

The Court dismissed defendants' patent infringement claims for lack of standing. <u>Argentum Medical, LLC v. Noble Biomaterials</u>, No. 3:08-CV-1305 WL 2650493 (M.D. Pa. July 1, 2010). It found that, prior to executing the License Document, Flick had executed an assignment of the '549 Patent and its family of patents to Argentum Research. *Id.* at *5. As a result, Argentum International did not have any rights in those patents when the License Document was executed and it was, therefore, invalid. *Id.* The Court rejected defendants' argument that they cured this defect by having Flick execute a purported *nunc pro tunc* reassignment from Argentum Research to Argentum International. *Id.* at *5.

This case proceeded to a jury trial upon Noble's counterclaims. The jury entered a verdict in Noble's favor and against each defendant upon Noble's Lanham Act and product disparagement claims and against Silver upon Noble's unfair competition claim. After determining that Noble was entitled to $1,000,000 in compensatory damages, the jury assessed such damages against Argentum Medical. Although it did not specifically assess compensatory damages against the individual defendants, the jury also assessed $1,000,000 in punitive damages against Thomas Miller and $1,250,000 in punitive damages against Gregg Silver. The Court entered judgment upon this verdict on February 11, 2011.

Presently pending before the Court is Noble's Motion to Amend the Judgment to hold Miller and Silver liable for the compensatory damages awarded. For the reasons hereinafter set forth, this Motion should be granted.

### QUESTION PRESENTED

1. Whether the judgment should be amended to award one million in compensatory damages against defendants Thomas Miller and Gregg Silver?

### ARGUMENT

Under Federal Rule of Civil Procedure 59(e), the Court has broad discretion to amend or alter the judgment. *See, e.g., Comite de Apoyo a Los Trabajadores Agricolas v. Solis*, No. Civ.A. 09-240, 2010 WL 4823236, at *1 n.1 (E.D.Pa. Nov. 24, 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The court should exercise this discretion to amend the judgment based on, *inter alia*, "the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d. Cir. 1995). The court must mold the verdict "'consistently with a jury's answers . . . when there is *any view* of the case which reconciles the various answers.'" *Citizens Fin. Group, Inc. v. Citizens Nat'l Bank of Evans City*, 383 F.3d 110, 123-24 (3d Cir. 2004) (quoting *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 763 (3d Cir. 1990)). The Third Circuit treats this obligation as a "'constitutional mandate.'" Id. (quoting *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 763

(3d Cir. 1990)). In this action, the jury could not have found that Argentum Medical's violations of the Lanham Act caused Noble harm without also finding that Silver and Miller's wrongful conduct also caused these losses. This inconsistency in the jury's conclusions should be resolved by the Court by amending the judgment.

As a company, Argentum Medical "is a legal fiction which can act only through its officers, directors, employees, and other personnel." *Phillips v. Northwest Regional Comm'ns*, 669 F. Supp. 2d 555, 580 (W.D.Pa. 2009). Where a company is held liable in tort, liability is imposed secondarily or vicariously for the actions of management or its other employees. *Valles v. Albert Einstein Med. Center*, 805 A.2d 1232, 1237 (Pa. 2002); *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1433-34 (3d Cir. 1994) ("indirect liability is a legitimate basis for liability under the [the Lanham Act]" because it "is derived generally and purposefully from the common law tort of unfair competition").

The record overwhelmingly establishes that Argentum Medical was held liable for Miller's and Silver's conduct. Miller and Silver elected to abuse the patent and legal systems to prevent Noble from successfully introducing its SILVERSEAL product line and competing against Argentum. At the center of this scheme was their decision to claim patent protection on products Noble produced with its proprietary process and then to claim that SILVERSEAL infringed the

patent they mislead the PTO into issuing - - conduct inimical to the integrity of the patent and judicial system. (Trs., 2/3/11, p. 156:19-22.) Miller and Silver's personal interest in denying Noble the opportunity to compete fairly is demonstrated by the evidence that Argentum Medical was formed to exploit the assets they misappropriated from Argentum International.

The evidence is undisputed that Silver directed the filing of the '153 Patent application and approved each step in its prosecution. Silver expressly approved Vordran's proposal to claim that the amendment of the '153 Patent to reduce the claimed resistance range to 10 Ohms/in$^2$ to 0.001 Ohms/in$^2$ overcame the conditional rejection of the application based on a patent for conductive tape with a resistance of 80 Ohms/in$^2$ even though they knew of prior art disclosing wound dressings within the resistance range as amended. (P-47; 102, p. 6.) Miller and Silver also approved the filing of this action against Noble. (Trs., 2/3/11 pp. 121:18-22 and 142:6-21; 2/4/11 p. 61:21-23) Patricia Davidson testified that, beginning at Noble's product launch, Miller was observed telling potential customers that Noble was 'knocking off' Argentum's products. (Trs., 2/3/11 p. 203:3.) Additionally, Silver engaged in a letter-writing campaign to Noble customers and potential customers informing them that Argentum sued Noble for patent infringement on a patent they had no right to enforce. (P- 7A – 7O.)

Faced with nearly identical circumstances, the District of New Jersey amended a jury verdict to reconcile the facially inconsistent verdict answers challenged by the defendant, and the Third Circuit affirmed without opinion.[1] In *Associated Business Telephone Systems Corp. v. Greater Capital Corp.* 729 F. Supp. 1488 (D.N.J. 1990), *aff'd* 919 F.2d 133 (3d Cir. 1990), plaintiff sued the corporate owner-operator of a hotel and two individual employees of that corporation. *Assoc. Bus. Tel. Sys. Corp.*, 729 F. Supp. at 1490. During trial, evidence was presented that the individual defendants acted wrongfully in "us[ing] the corporate entity to commit tortious acts." *Id.* at 1507. Ultimately, the jury awarded $1.37 million in compensatory damages against the corporation, and $200,000 in punitive damages against each of the individual defendants. *Id.* at 1490.

In response to the individual defendants' challenges to the award of punitive damages against them without awarding compensatory damages, the court amended the judgment even though it did not find substantive fault in the jury's damages award. The court recognized that the award of punitive damages

---

[1] In that case, the court acted *sua sponte* under Federal Rule of Civil Procedure 60(a) because it was merely responding to the defendants' challenge and the plaintiff had not moved for amendment under Federal Rule 59(e). *Assoc. Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 729 F. Supp. 1488, 1508 (D.N.J. 1990), *aff'd* 919 F.2d 133 (3d Cir. 1990). The court simply used the general rule applicable under 59(e) that an seemingly inconsistent jury verdict should be resolved with a view of the case that harmonizes the facially incongruent answers. *Id.* at 1507.

reflected the jury's finding that that the individual defendants were "responsible for [the] economic injury" for which compensatory damages were awarded. *Id.* at 1508. The court found it "clear that the reason the jury did not find the [individual defendants] liable for compensatory damages is because they had already found the corporation liable, and they had an obvious desire to prevent a double recovery." *Id.*

Similarly, in this case, the jury's award of punitive damages against Miller and Silver demonstrates that it found them liable for the losses Noble sustained. The jury's decision can only be viewed as an attempt to allocate who should pay the damages; not who is responsible for causing those damages. The only reasonable explanation for the verdict is that the jury decided that Argentum Medical should pay the compensatory damages award since it was imposing punitive damages upon Miller and Silver. The jury furthermore had difficulty understanding its function in allocating damages. It submitted a question to the Court as to how it should do so and apparently misunderstood the Court's response to mean that it had discretion to determine who should pay Noble's damages. (Tr. 2/10/11, p. 32). Assessing compensatory damages against Argentum Medical only is an omission merely "of form, not of substance," particularly where the jury found "both the corporation and the [employees] guilty." *Assoc. Bus. Tel. Sys. Corp.*, 729 F. Supp. at 1508.

Such an amendment is also consistent with other Pennsylvania law, whereby an officer is personally liable for the torts of the corporation when the officer directly participated in the commission of that tort. *See, e.g., Key Corp. Capital, Inc. v. Tilley*, 216 Fed. App'x 193, 195 (3d Cir. 2007) (recognizing Pennsylvania rule); *Laborers Combined Funds of W. Pa. v. Cioppa*, 346 F. Supp. 2d 765, 773 (W.D.Pa. 2004) (entering judgment on conversion claim based on participation theory); *Shay v. Flight C Helicopter Svcs.*, 822 A.2d 1, 17 (Pa. Super. 2003) (explaining that "[u]nder the participation theory, the court imposes liability on the individual as an actor . . . . where the record establishes the individual's participation in the tortious activity.") The jury's verdict clearly indicates a finding that Miller and Silver were actively engaged in the torts committed by Argentum Medical, and the damages award should be molded to reflect this decision.

Moreover, as a matter of law, joint tortfeasors who "'cause a single and indivisible harm for which there is no reasonable basis for division according to the contribution of action [are] subject to liability for the entire harm.'" *See S.E.C. v. Hughes Capital Corp.*, 124 F.3d 449, 455 (3d Cir. 1997) (quoting *United States v. Alcan Alum. Corp.*, 964 F.2d 252, 268-69 (3d Cir. 1992)); *see also Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1027-28 (Pa. Super. 2005) (affirming award of joint and several liability for intentional torts of breach of contract, unfair trade practices, breach of warranty of title, and fraud). In the instant case, it is

impossible to apportion damages for the Lanham Act and product disparagement claims because Argentum Medical could not and would not have acted but for the actions taken by its Miller and Silver. Similarly, Miller and Silver caused damages to Noble either through the apparatus of Argentum Medical or through actions designed to benefit Argentum Medical. In such a case, Miller and Silver are jointly and severally liable with Argentum Medical for the full amount of compensatory damages. Faced with the jury's permissible but inconsistent decision, the Court should amend the verdict to recognize Noble's right to collect the total compensatory amount from all three tortfeasors.

                                        Respectfully submitted

                                        COZEN O'CONNOR

Dated: March 11, 2011          By:      /s/ Robert W. Hayes
                                                Robert W. Hayes (33099)
                                                1900 Market Street
                                                Philadelphia, PA 19103
                                                (215) 665-2094
                                                Rhayes@cozen.com
                                                *Attorneys for Plaintiff,*
                                                *Noble Biomaterials*

## CERTIFICATE OF SERVICE

I certify that on this date, I caused the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO ALTER OR AMEND THE JUDGMENT to be served upon all counsel of record via the Court's ECF filing system.

/s/ Robert W. Hayes

Dated: March 11, 2011