# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOBLE BIOMATERIALS, | : | |
| | : | |
| Plaintiff, | : | No. 3:08-cv-01305 |
| | : | |
| v. | : | |
| | : | HONORABLE A. RICHARD |
| | : | CAPUTO |
| ARGENTUM MEDICAL, LLC, | : | |
| THOMAS MILLER AND | : | |
| GREGG SILVER, | : | |
| | : | |
| Defendants. | : | |

_____

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW, FOR AN EXTENSION IN WHICH TO RESPOND TO DISCOVERY AND EXPEDITE CONSIDERATION**

## PRELIMINARY STATEMENT

Claiming unspecified irreconcilable differences, Freeborn & Peters LLP and Oliver Price & Rhoads (collectively, the "attorneys") seek leave to withdraw their appearances on behalf of counterclaim defendants Argentum Medical, Thomas Miller and Gregg Silver (collectively, "Defendants") immediately, 21 days for defendants to secure new counsel and a 30 day extension of the deadline for defendants to respond to the execution interrogatories and document requested by defendant/counterclaim plaintiff, Noble Biomaterials.  Noble takes no position as to whether the attorneys should be permitted ultimately to withdraw.  It objects to

their doing so, however, in a manner that will delay Noble's ability to collect upon the $3.25 million dollar verdict entered in its favor.

No reason has been provided why the attorneys cannot continue to represent defendants until new counsel is retained and prepare responses to the execution discovery Noble has served.  The attorneys served Replies in support of defendants' pending Motions for a New Trial and for Judgment as a Matter of Law just two weeks before filing this Motion.  It is difficult to imagine what irreconcilable differences could have developed since the Replies were filed that would prevent the attorneys from assisting in preparing responses to defendants' pending execution discovery.  If these differences had arisen earlier, defendants should have found substitute counsel by now.  At the very least, defendants should provide the requested information directly.

The attorneys' Motion to withdraw their appearances immediately should be denied.  To the extent the attorneys are granted leave to withdraw, they should not be permitted to do so until substitute counsel has entered an appearance and responses have been provided to Noble's execution discovery.  Under no circumstances should the time period for defendants to respond to the execution discovery be extended.

**STATEMENT OF FACTS**

On February 10, 2011, the jury entered a verdict in Noble's favor and against each defendant upon Noble's Lanham and product disparagement claims and against counterclaim defendant Gregg Silver upon Noble's unfair competition claim. The jury awarded Noble $1 million dollars in compensatory damages from Argentum Medical, $1 million dollars in punitive damages against Thomas Miller and $1.25 million in punitive damages against Gregg Silver. (Doc. 278.)

On May 6, 2011, Noble served Defendants with interrogatories and requests for the production of documents in aid of execution on the judgments against them. Weeks passed without any response from counsel requesting additional time to complete the discovery requests. Without any mention of irreconcilable differences, the attorneys served Replies in support of defendants' pending Motions for a New Trial and for Judgment as a Matter of Law just two weeks before filing this Motion. Responses to the discovery requests are due on June 6, 2011.

On May 25, 2011, Gregg Silver called Noble's counsel informing him that Illinois attorney, Corky Kessler, will represent him against Noble's efforts to collect on the jury's award. Mr. Silver asserted that Mr. Kessler would not be replacing current counsel. That same day, Mr. Kessler called Noble's counsel and asked several questions about the status of the action. This conversation was

shortly followed by a telephone call from John Shapiro in which he advised that the attorneys would seek to withdraw. Mr. Shapiro requested that Noble concur in this request and agree to a thirty day extension to respond to Noble's execution discovery.

This rather unusual request – which would be the second time defendants have switched counsel – occurring under rather bizarre circumstances, was declined. Noble will not agree to any withdraw or extension that delays its ability to execute. The circumstances under which this request was made and the defendants' prior conduct was not lost on Noble's decision to oppose counsel's request. Defendants have previously been found to have participated in a scheme to misappropriate Argentum International's for the purpose, among others, of stripping the Company of its assets during litigation. They also ignored a Court order prohibiting the transfer, dissipation or encumbrance of Argentum International's assets.

## **ARGUMENT**

Presently pending before the Court is defendants' Motions to seek leave to withdraw their appearances on behalf of defendants immediately, to provide defendants 21 days to secure new counsel and for a 30 day extension of the deadline for defendants to respond to Noble execution interrogatories and

document requests. The attorneys' Motion to withdraw their appearances immediately should be denied. To the extent the attorneys are granted leave to withdraw, they should not be permitted to do so until substitute counsel has entered an appearance or the expiration of thirty days, and responses have been provided to Noble's execution discovery. Under no circumstances should the time period for defendants to respond to the execution discovery be extended.

Regardless of the unspecified irreconcilable differences, there is absolutely no need for an immediate withdraw by counsel. An immediate withdraw will prejudice Noble by further delaying its efforts to locate and execute on the defendants' assets. Local Rule 83.15 provides that the Court may refuse to grant a motion for withdraw when, as in this instance, no substitute counsel has entered an appearance.

> "The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. This court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance."

The attorneys' Motion to withdraw their appearances immediately should be denied because no substitute counsel has entered an appearance.

Counsel's claim that the proceedings will not be delayed in granting their Motion is inaccurate. By not identifying substitute counsel, there is no attorney to

5

respond to Noble's discovery requests in aid of execution. Additionally, this would be the second time during the course of this litigation that defense counsel has been substituted. Noble Biomaterials, takes no position as to whether the attorneys should be permitted ultimately to withdraw. It objects to their doing so to the extent it will delay Noble's ability to collect upon the verdict entered in its favor.

The defendants should be denied any additional time to complete the discovery requests because 30 days is ample time to respond. Noble served the attorneys with the discovery requests on May 6, 2011. Responses to the discovery requests are due on June 6, 2011. If the Motion were granted, there is no telling how long it would take the defendants themselves or any substitute counsel to respond to Noble's discovery requests. Even if the Court were to deny the Motion, as of today's date counsel still has sufficient time to respond to the requests in time for the June 6, 2011 deadline.

By the time the attorneys served Replies in support of defendants' pending Motions for a New Trial and for Judgment as a Matter of Law, they had already been served with Noble's discovery requests. Unless defendants are attempted to hide their assets from execution, in which event no extension that would facilitate this scheme should be granted, it is practically inconceivable that irreconcilable differences could have developed after the Replies were filed that would prevent

the attorneys from assisting in preparing responses to defendants' pending execution discovery. Certainly, these same irreconcilable differences did not impede the attorneys from crafting their Replies by May 13, 2011.

These Motions, if granted, would serve to further delay the proceedings and prevent Noble from moving to collect on the jury's award of $3.25 million. Noble seeks to avoid any delays in obtaining discovery relating to the defendants' assets given their track record of misappropriation in the face of an award against them. Defendants have previously been found to have participated in a scheme to misappropriate Argentum International's for the purpose, among others, of stripping the Company of its assets during litigation. They also ignored a Court order prohibiting the transfer, dissipation or encumbrance of Argentum International's assets. Any delay in the proceedings gives the defendants additional time to misappropriate their assets and thwart Noble's attempt to collect on the jury's award.

## **CONCLUSION**

The attorneys' Motion to withdraw their appearances immediately should be denied. To the extent the attorneys are granted leave to withdraw, they should not be permitted to do so until substitute counsel has entered an appearance or the expiration of thirty days, and responses have been provided to Noble's execution

discovery. Under no circumstances should the time period for defendants to respond to the execution discovery be extended. Having previously demonstrated a willingness to disobey a Court order and fraudulently convey their assets, defendants should not be extended the courtesy of any additional time

                                        Respectfully submitted

                                        COZEN O'CONNOR

Dated: June 2, 2011      By:    /s/ Robert W. Hayes
                                        <u>/s/ Matthew A. Glazer</u>
                                        Robert W. Hayes (33099)
                                        Matthew A. Glazer (204540)
                                        1900 Market Street
                                        Philadelphia, PA 19103
                                        (215) 665-2094
                                        Rhayes@cozen.com
                                        *Attorneys for Plaintiff,*
                                        *Noble Biomaterials*

## **CERTIFICATE OF SERVICE**

I certify that on this date, I caused the foregoing COUNTERCLAIM PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR LEAVE TO WITHDRAW, FOR AN EXTENSION IN WHICH TO RESPOND TO DISCOVERY AND EXPEDITE CONSIDERATION to be served upon all counsel of record via the Court's ECF filing system.

/s/ Robert W. Hayes
/s/ Matthew A. Glazer

Dated:  June 2, 2011