# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARGENTUM MEDICAL, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-1305 |
| v. | (JUDGE CAPUTO) |
| NOBLE BIOMATERIALS, and DERMASCIENCES, INC., | |
| Defendants. | |
| NOBLE BIOMATERIALS, | |
| Counter-Claim Plaintiff, | |
| v. | |
| ARGENTUM MEDICAL, LLC, THOMAS MILLER and GREGG SILVER, | |
| Counter-Claim Defendants | |

## MEMORANDUM

Presently before the Court is Counterclaim Defendants Thomas Miller's and Gregg Silver's Motion for Continuation of Automatic Stay Pending Resolution of Post-Trial Motions. Because the balance of equities weighs against granting a stay, the motion will be denied.

## I. Background

Defendant Argentum Medical ("Argentum") filed suit against Counterclaim Plaintiff Noble Biomaterials on December 7, 2007, asserting that Noble had infringed one of

1

Argentum's patents. These claims were dismissed for lack of standing, and the case proceeded to a jury trial upon Noble's Lanham Act, product disparagement, and unfair competition counterclaims. The jury found that Argentum, Miller, and Silver violated the Lanham Act and engaged in product disparagement, and it found that Silver engaged in unfair competition. The jury awarded Noble $1 million in compensatory damages, which it assessed against Argentum. It also awarded Noble $2.25 million in punitive damages, which it assessed against Miller in the amount of $1 million and Silver in the amount of $1.25 million.

On February 25, 2011, Defendants filed the instant motion requesting a stay on the execution of judgment. The motion has been fully briefed and is ripe for disposition.

## II. Discussion

**A. Legal Standard for Granting a Stay**

Federal Rule 62(b) permits a court to stay the execution of a judgment pending disposition of motions under Federal Rules 50, 52(b), 59, or 60. Fed. R. Civ. P. 62(b). In determining whether to use its discretion to order a stay of execution, a court must consider the balance of the equities, considering whether the party seeking the stay has shown: "1) It will likely prevail on the merits of the appeal; 2) It will suffer irreparable injury if the stay is denied; 3) Other parties will not be substantially harmed by the stay; and 4) No harm will be done to the public interest." *Combustion Syst. Servs., Inc. v. Schuylkill Energy Res., Inc.*, 153 F.R.D. 73, 74 (E.D. Pa. 1994) (citing *First Amendment Coalition v. Judicial Inquiry & Review Bd.*, 584 F. Supp. 635 (E.D. Pa. 1984)). No one factor is dispositive; instead, "proper judgment entails a delicate balancing of all elements." *Harris*

*v. Pernsley*, 654 F. Supp. 1057, 1059 (E.D. Pa. 1987).

Defendants seek a stay on the execution of the judgment pending the disposition of all post-trial motions. At this point, Defendants have filed a motion for judgment as a matter of law, a motion for a new trial, and a motion to amend/correct judgment. Additionally, Plaintiff has filed a motion for a attorney fees and a motion to alter judgment.

**B. Whether a Stay Is Warranted**

Considering the factors listed above, the equities do not favor granting the Defendants' motion. I will discuss each in turn, with the exception of the fourth factor, as neither party addressed the issue of harm to the public interest and the record raises no obvious concerns regarding that factor.

**1. Substantial Likelihood of Success**

Defendants do not have a substantial likelihood of success on the merits of their motions. Defendants argue that the punitive damages awards against Miller and Silver raise Due Process Clause concerns, given that no compensatory damages were assigned against Miller or Silver. However, presenting a legitimate constitutional question is different than showing a substantial likelihood of success. *See R.B. ex rel. Parent v. Mastery Charter Sch.*, No. , 2011 WL 121901, at *1 (E.D. Pa. 2011) ("[A] 'colorable issue . . . is not what is required for a stay pending appeal.'") (alteration in original) (quoting *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, No. 08-4369, 2008 WL 4951239, at *5 (D.N.J. 2008)). Defendants cite *Cooper Distributing Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 281-84 (3d Cir. 1995), to demonstrate that Third Circuit courts have reversed punitive damages awards where there was no finding of actual damages. Plaintiff,

3

however, points out that in *Associated Business Telephone Systems Corp. v. Greater Capital Corp.*, 729 F. Supp. 1488, 1508 (D.N.J 1990), *aff'd*, 919 F.2d 133 (3d Cir. 1990), the Third Circuit affirmed a punitive damages award where a jury assigned compensatory damages to a corporation and not its principal actors, but assigned punitive damages to the individual principal actors. Defendants attempt to distinguish *Associated Business* from the instant case by pointing out that the jury in *Associated Business* was not allowed to allocate compensatory damages between the parties. But Plaintiff responds that the jury's failure to allocate compensatory damages to either Miller or Silver was based on its misunderstanding of the verdict form, and this theory is supported by the fact that the jury asked a question about how to allocate damages during their deliberation. Additionally, like the corporate actors in *Associated Business*, Miller and Silver were principals in Argentum Medical, and thus the jury may have considered an allocation to the corporation as the equivalent of an allocation to the individuals. Because of all the evidence in the Plaintiff's favor, there is not a substantial likelihood that the Defendants will succeed on the merits of their motions, and so this factor weighs against granting a stay.

### 2. Irreparable Injury to Defendants

Defendants did not meet their burden to show that they will suffer irreparable injury if the stay is denied. Defendants argue that they will face "dire personal consequences." There is no doubt that the punitive damages awards of $1 million and $1.25 million, respectively, are substantial. But Defendants' mere assertion of consequences is insufficient without providing more specific facts to demonstrate the existence of an

4

irreparable injury that would be caused by the execution of the judgment.

### 3. Substantial Harm to Other Parties

Defendants fail to offer any evidence that there will not be substantial harm to the Plaintiff if the stay is granted. Plaintiff, however, raises concerns about the security of the judgment, arguing that the Defendants cannot be trusted to not convey or encumber their assets if the stay is granted. Regardless of the trustworthiness of the Defendants, it is reasonable for a prevailing party to raise concerns about the security of a judgment if a stay is granted. This factor thus weighs in favor of denying the stay.

### III. Conclusion

For the reasons explained above, Defendants' motion for a continuation of the automatic stay will be denied. An appropriate order follows.


August 15, 2011                                    /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                   United States District Judge

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARGENTUM MEDICAL, LLC, | CIVIL ACTION NO. 3:08-CV-1305 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| NOBLE BIOMATERIALS, and DERMASCIENCES, INC., | |
| Defendants. | |
| NOBLE BIOMATERIALS, | |
| Counter-Claim Plaintiff, | |
| v. | |
| ARGENTUM MEDICAL, LLC, THOMAS MILLER and GREGG SILVER, | |
| Counter-Claim Defendants | |

## ORDER

**NOW**, this 15th day of August, 2011, **IT IS HEREBY ORDERED** that the Counterclaim Defendants' Motion for Continuation of Automatic Stay Pending Resolution of Post-Trial Motions (Doc. 301) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge