**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARGENTUM MEDICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:08-CV-1305 |
| | ) | |
| v. | ) | (JUDGE CAPUTO) |
| | ) | |
| NOBLE BIOMATERIALS, and | ) | |
| DERMASCIENCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NOBLE BIOMATERIALS, | ) | |
| | ) | |
| Counter-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARGENTUM MEDICAL, LLC, | ) | |
| THOMAS MILLER and | ) | |
| GREGG SILVER, | ) | |
| | ) | |
| Counter-Claim Defendants. | ) | |

**ARGENTUM MEDICAL'S, GREGG SILVER'S AND THOMAS MILLER'S
MEMORANDUM IN OPPOSITION TO NOBLE'S ATTORNEY FEE STATEMENT**

**I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Argentum Medical, LLC ("Argentum") filed its claim for patent infringement against Defendants Noble Biomaterials ("Noble") and Derma Sciences, Inc. ("Derma") on December 3, 2007. (Doc. 1.) On May 12, 2008, Derma filed its Answer and Counterclaims. (Doc. 50.) Derma sought solely declaratory relief concerning the patent-in-suit. Derma did not assert a claim under

the Lanham Act or any claim against Counter Defendants Gregg Silver and Thomas Miller, who were not parties to this action at that time. *Id.*

On September 5, 2008, Argentum filed its Second Amended Complaint. (Doc. 89.) Noble filed its Answer and Counterclaims ("Counterclaims") on November 12, 2008. (Doc. 102.) Noble plead six counts: (i) Declaration of patent invalidity, (ii) Declaration of fraud on the PTO, (iii) Patent Misuse, (iv) Unfair Competition, (v) Lanham Act and (vi) Product Disparagement. *Id.* The sole allegations supporting the Lanham Act claim are:

> The statements that Miller and Silver made, and caused Argentum Medical to make, that Noble's SILVERSEAL® products infringe the '153 Patent … constitute false and misleading descriptions of fact and representations of fact used in commercial promotion, which misrepresent the nature, characteristics and qualities of Noble's and Noble Fiber's goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C., § 1125(a).

Doc. 102, ¶¶ 106-07. The sole allegations within the Counterclaims about statements made by Counterdefendants are one claim of statements made prior to the issuance of the '153 patent on June 12, 2007 that Noble's SILVERSEAL® products would be "covered" by pending patent applications when issued (*id.*, ¶ 77) and one claim of statements made "promptly after" the issuance that Noble's SILVERSEAL® products infringed the '153 patent (*id.*, ¶ 83). The Counterclaims were Noble's first assertion of a Lanham Act claim in this action and added Miller and Silver as parties to this action for the first time.

Summons issued as to Miller and Silver on November 18, 2008. (Doc. 104). Although Argentum answered Noble's Counterclaims on December 4, 2008 (Doc. 108), Miller and Silver's first actions were to contest personal jurisdiction on January 27, 2009. (Doc. 113.) That challenge was rejected on May 21, 2009. (Doc. 142.) Miller and Silver filed answers to Noble's counterclaims on June 18, 2009. (Docs. 143, 144.)

A *Markman* Hearing was held on June 18, 2010. (Doc. 186.) This Court granted summary judgment to Noble on Argentum's patent infringement claims on July 1, 2010. (Doc. 188.) Beginning on Monday, January 31, 2011, this Court conducted a *Daubert* hearing and a jury trial. The jury returned its verdict on February 10, 2011.

On March 4, 2011, Noble filed its Motion for Attorneys' Fees and Related Nontaxable Expenses Pursuant to Fed.R.Civ.P. 54(d) asking this Court to find this case "exceptional" under both the Lanham Act and the Patent Act. ("Fees Motion"). (Doc. 303, 304.) 15 U.S.C., § 1117(a); 35 U.S.C., § 285. On March 14, 2011, Noble filed its Bill of Costs, seeking costs in the amount of $5,159.60. (Doc. 318.) On August 25, 2011, this Court granted Noble's Fees Motion in part, finding Noble's Lanham Act claim "exceptional" within the meaning of the Lanham Act, but not entering any exceptionality finding as to Argentum's patent infringement claims or Noble's patent counterclaims. (Doc. 326.) On October 5, 2011, Noble

filed its Memorandum of Law in Support of Its Statement of Attorneys' Fees, Costs and Expenses seeking a total of $1,185,745.71 in attorneys' fees and expenses. (Doc. 364.)

## II. QUESTIONS PRESENTED

Does the Court have discretion to award any attorneys' fees or other costs pursuant to 15 U.S.C. § 1117(a) for work not performed on Noble's Lanham Act claim?

SUGGESTED ANSWER: **NO.**

Has Noble sustained its burden of proof to show which work was performed on and which costs were incurred with regard to Noble's Lanham Act claim?

SUGGESTED ANSWER: **NO.**

## III. ARGUMENT

A. ANY AWARD OF ATTORNEYS' FEES MUST RECOMPENSE NOBLE ONLY FOR WORK THAT WOULD NOT HAVE BEEN PERFORMED BUT-FOR ITS LANHAM ACT CLAIM.

Noble assumes in its Fees Motion, without further analysis, that this Court has already "held that Noble is entitled to all of its fees and expenses under the Lanham Act." (Doc. 364, p. 9.) To the contrary, this Court merely held that Noble "is entitled to fees under the Lanham Act…" (Doc. 347, p. 2.) The Court has not yet ruled as to the extent of fees to which Noble is entitled.

It would be a patent abuse of discretion for the Court to award Noble, solely under the Lanham Act, all of its fees and expenses from the beginning of the

litigation. The law permits recovery of fees and costs under § 1117(a) "only for work performed in connection with claims filed under the Lanham Act." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002). An award for work on non-Lanham Act claims is permissible under § 1117(a) only "if 'the Lanham Act and non-Lanham Act claims are so intertwined that it is *impossible to differentiate* between work done on claims.'" *Id*. (*quoting Gracie v. Gracie*, 217 F.3d 1060, 1069-70 (9th Cir. 2000); emphasis original). *See also U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) ("attorneys' fees are recoverable only for work performed in connection with claims filed under the Lanham Act"); *Neva, Inc. v. Christian Duplications Int'l., Inc.*, 743 F.Supp. 1543 (M.D.Fla. 1990) (same).

As the *Procter & Gamble* court noted, "limiting the scope of § 1117(a) comports with the background rule in America—the prevailing party cannot recover fees absent statutory authority." *Id*. (*citing Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). The Supreme Court had occasion just last term to apply *Alyeska Pipeline* to distinguish between work subject to statutory fee shifting and other non-compensable work. *Fox v. Vice*, __ U.S. __, 131 S.Ct. 2005, 2213 (2011) (*Alyeska Pipeline* "is so firmly entrenched that it is known as the 'American Rule'"). *Fox* involved a prevailing defendant's claim for fees under 42 U.S.C., § 1988 occasioned by having to defend against frivolous

claims in a case where work was also performed defending against non-frivolous claims. The Court observed that "a defendant may not obtain compensation for work unrelated to a frivolous claim." 131 S.Ct. at 2214. The Court also observed that "the defendant may receive reasonable fees for work related exclusively to a frivolous claim." *Id*.

Having dealt with the two ends of the spectrum, the Court turned to work that "helps defend against non-frivolous and frivolous claims alike." *Id*. The defendant in *Fox* proposed authorizing an award of fees "for work that is 'fairly attributable'" to the compensable claims. *Id*. Rejecting the proposed standard as "in truth no standard at all," the Court instead applied a "but-for" causation requirement. 131 S.Ct. at 2215 ("if the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff").

The tests of *Fox* and *Procter & Gamble* operate to severely restrict the fees that may be awarded to Noble given that exceptionality has been found only with regard to its Lanham Act claim. Noble readily admits, as it must, that "'[t]he party seeking attorney fees has the burden to prove that its request is reasonable.'" (Doc. 364 at 2, *quoting U.S. Olympic Comm. v. Tobyhanna Camp Corp.*, No. 3:10-cv-162 U.S. Dist. LEXIS 117650, at *20 (M.D.Pa. Nov. 4 2010)). That burden necessarily includes the burden to demonstrate what attorney work is properly

compensable under the tests stated in *Fox* and *Procter & Gamble*. On the present record, Noble has utterly failed to sustain its burden, leaving this Court with no apparent basis whatsoever to allocate the attorney work in its Fees Statement between compensable and non-compensable claims. Yet, the Court may make no award without having a valid basis to so allocate the work done. *Fox*, 131 S.Ct. at 2214 ("In short, litigation is messy, and courts must deal with this untidiness in awarding fees"); *Junker v. Eddings*, 396 F.3d 1359, 1366 (Fed.Cir. 2005) (vacating fee award because district court failed to explain why it was reasonable); *Gracie*, 217 F.3d at 1070 ("We hold, however, that the impossibility of making an exact apportionment does not relieve the district court of its duty to make some attempt to adjust the fee award in an effort to reflect an apportionment"). Because of the failure to meet its burden, Noble has not shown that it is entitled to any award.

Applying the tests of *Fox* and *Proctor & Gamble* to this case, many large segments of work by Noble's attorneys are clearly ***not*** compensable:

1. NO FEES MAY BE AWARDED FOR WORK PERFORMED PRIOR TO NOVEMBER 12, 2008.

It is simple but irrefutable logic that Noble may not recover any fees under the Lanham Act for any work performed prior to the actual filing of the Lanham Act claim on November 12, 2008 (except, of course, for the work of drafting the

claim). All such work must have been done because of other claims and would have been done anyway even if the Lanham Act claim had never been filed.

Similarly, no fee award could be properly made against Miller or Silver for work performed prior to the time that they were added as parties. Noble's argument that the Northern District of Illinois provides the relevant forum for rate purposes must also be rejected. Because no Lanham Act claim was ever filed by these parties in that district, no work done in Illinois is compensable under § 1117(a). A reasonable rate for Noble's fees is governed by the customary rates within this district.

2. NO FEES MAY BE AWARDED FOR WORK PERFORMED ON DERMA'S BEHALF.

Simple and irrefutable logic also dictates that Noble may not seek fees that it was legally required to reimburse to Derma.[1] Because Derma never filed a Lanham Act claim, it cannot be considered a prevailing party within the meaning of § 1117(a). Moreover, Derma never timely filed a fee petition and never obtained an "exceptional case" finding as to the patent claims in which it was involved. Absent such an exceptionality finding, there is no statutory basis to

---

[1] A manufacturer selling a product impliedly warrants that the product does not infringe anyone else's intellectual property rights. Uniform Comm. Code, § 2-312(3) ("a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like…"). Noble's liability to Derma under this warranty has no bearing on Noble's Lanham Act claim.

deviate from the normal American Rule of *Alyeska Pipeline* that each party bears its own legal fee expenses.

### 3. NO FEES MAY BE AWARDED FOR WORK PERFORMED LITIGATING THE VALIDITY OF THE '153 PATENT.

Noble devoted much of its litigation effort to attempting to show that the '153 patent was invalid. (Doc. 102, Counterclaim Count 1). None of this work is compensable, for at least three reasons.

*First*, Noble's invalidity claim was not "so intertwined that it is *impossible to differentiate* between" it and the Lanham Act claim with respect to the work necessary to establish each claim. *Procter & Gamble*, 280 F.3d at 527 (emphasis original). Prior to a determination of invalidity, a patent holder is legally entitled to assert a claim of infringement without incurring liability because the patent is later held invalid. *Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed.Cir. 1985) (patent presumed valid until held otherwise; patentee entitled to exclude others prior to invalidity holding); 35 U.S.C., § 282 (patents presumed valid). The gravamen of Noble's Lanham Act claim is a false claim that Noble's products infringed the '153 patent. This claim necessarily fails if Noble's products did, in fact, infringe at the time that the statements were made. Truth is a complete defense to a Lanham Act § 43(a) claim. Because Noble's attempts to establish the invalidity of the '153 patent could not, even if successful, render the prior

9

infringement claims untrue when made, the attorney work to establish the invalidity of the '153 patent was neither required nor helpful to establish Noble's Lanham Act claim.

*Second*, Noble's efforts to prove invalidity also fail to satisfy the "but-for" test of *Fox* because the work would have been performed anyway as part of Noble's effort to defend against Argentum's infringement claim. As Justice Kagan explained in *Fox*, a claim that the work was useful to establishing a compensable claim is insufficient to warrant an award of fees for that work if the work would have been performed anyway because of a non-compensable claim. 131 S.Ct. at 2217 ("But the [appellate] court seemed to think that its test permitted awarding Vice fees for any work useful to defending against a frivolous claim, even if lawyers would have done that work regardless.") As *Fox* makes clear, a party may seek to shift only "the portion of his fees that he would not have paid but for" the compensable claim. *Id.* at 2215. Absent such a showing, the American Rule applies to preclude fee shifting. The work that Noble's counsel did attempting to establish that the '153 patent was invalid does not qualify for fee shifting under this test.

***Third***, because this Court never determined the '153 patent to be invalid, Noble was not the prevailing party on its claim of patent invalidity.[2] As with all fee shifting statutes, prevailing party status is an essential prerequisite to recovery of fees under § 1117(a). Work on an unsuccessful claim does not become compensable because of a fee shifting statute that covers a successful claim. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). As the Court explained in *Fox*, *Hensley* does not warrant an award of fees for work on unsuccessful claims because such work "cannot be deemed to have been expended in pursuit of the result achieved." 131 S.Ct. at 2214.

4. NO FEES MAY BE AWARDED FOR WORK PERFORMED LITIGATING THE ENFORCEABILITY OF THE '153 PATENT.

Noble also spent much effort attempting to prove that the '153 patent was unenforceable because of inequitable conduct and fraud on the PTO. (Doc. 102, Counterclaims 2-3.) No fee award may be made for such work, for at least two reasons.

***First***, Noble was not the prevailing party in this effort. Neither this Court nor the jury ever declared the '153 patent to be unenforceable or returned a verdict based on inequitable conduct or PTO fraud. No fee award may be made for work on this unsuccessful claim under the test of *Hensley* and *Fox*.

---

[2] The PTO reexamination proceedings that Noble has argued determined invalidity occurred long after the statements alleged to be actionable under the Lanham Act were made.

11

***Second***, Noble's efforts to prove unenforceability would still fail to satisfy the "but-for" test of *Fox* even had they been successful.  The unenforceability work would have been performed anyway as part of Noble's effort to defend against Argentum's infringement claim and to establish its unfair competition and patent misuse claims.  131 S.Ct. at 2217.  As such, no fees for this work can be awarded under § 1117(a).

### 5. No Fees May Be Awarded For Work Performed Litigating Argentum's Standing to Enforce The '153 Patent.

Noble also spent substantial effort litigating whether Argentum had standing to bring an infringement claim under the '153 patent.  Patent infringement, however, is not a claim that is so intertwined with Noble's Lanham Act claim that the work may be compensated under § 1117(a), especially in the absence of a separate exceptionality finding under 5 U.S.C., § 285, for at least two reasons.

***First***, the "but-for" test under *Fox* again cannot be satisfied.  Noble would have litigated standing to avoid Argentum's patent infringement claim regardless of its Lanham Act claim.  Noble may only recover for that portion of its fees that it would not have incurred had the Lanham Act claim never been brought.  *Fox*, 131 S.Ct. at 2215.  Noble has not shown (and, truthfully, cannot show) any work on Argentum's standing to sue that was required solely by the Lanham Act claim.

***Second***, Noble's work on Argentum's standing was not even useful to proving its Lanham Act claim. The Lanham Act claim depends on the marketability of Noble's products being impaired by a false claim that they infringe a patent, thus exposing any Noble customer or distributor to the threat of an infringement claim. Even if Argentum had no standing as "patentee" to enforce the '153 patent, the true patentee could still enforce the patent against Noble's products. Thus, Noble's products could be damaged for Lanham Act purposes only if they do not in fact infringe the '153 patent (*i.e.*, the alleged statements about those products infringing the patent were false when made) regardless of who had standing at the time to bring the infringement claim.

### B.  COSTS UNDER LANHAM ACT § 1117(A) MUST PERTAIN TO THE SUCCESSFUL LANHAM ACT CLAIMS.

Noble has filed a separate bill of costs pursuant to Rule 54(d)(1), Fed.R.Civ.P. Although § 1117(a) also explicitly authorizes a district court to award costs, that authority, like the authority to award attorneys' fees set forth in the same statute is limited by the rules of *Fox* and *Procter & Gamble*. If the cost would not have been incurred but-for the Lanham Act claim (*i.e.*, the cost would not have been incurred anyway), Noble cannot collect it under § 1117(a). *See Fox*, 131 S.Ct. 2215.

Because Noble has made no effort to show how much, if any, of the additional costs that it now seeks pass the but-for test of *Fox*, no costs may be awarded to Noble as part of its Fees Statement.

## IV. CONCLUSION

Counterclaim Defendants therefore respectfully request that the court deny any award of attorney's fees or costs under 15 U.S.C., § 1117(a) based on Nobles failure to sustain its burden of showing that any such award would be reasonable given the limitations imposed by *Fox* and *Procter & Gamble*.

Respectfully submitted,

/s/ Thomas C. Cronin
Thomas C. Cronin
Cronin & Co., Ltd
233 S. Wacker Dr., Ste 2100
Chicago, Illinois 60606
Ph: (312) 201-7100

/s/ Karoline Mehalchick
 Karoline Mehalchick
Oliver, Price, & Rhodes
Attorney No. 87641
P.O. Box. 240
Clarks Summit, PA 18411
Ph: (570) 585-1200
Fax: (570) 585-5100

COUNSEL FOR ARGENTUM MEDICAL, LLC, THOMAS MILLER AND GREGG SILVER

## **CERTIFICATE OF SERVICE**

I, Karoline Mehalchick, Esquire, of Oliver, Price, and Rhodes, hereby certify that on the 2nd day of November, 2011, I caused a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION TO NOBLE'S ATTORNEY FEE STATEMENT to be served pursuant to the Federal and Local Rules of Civil Procedure as follows:

>Robert W. Hayes
>rhayes@cozen.com
>Cozen & O'Connor
>1900 Market Street
>Philadelphia, PA 19 103

>/s/ Karoline Mehalchick
>Karoline Mehalchick