**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARGENTUM MEDICAL, LLC, | |
| Plaintiff, | NO. 3:08-CV-1305 |
| v. | (JUDGE CAPUTO) |
| NOBLE BIOMATERIALS, and DERMA SCIENCES, INC., | |
| Defendants. | |
| NOBLE BIOMATERIALS, | |
| Counterclaim Plaintiff, | |
| v. | |
| ARGENTUM MEDICAL, LLC, THOMAS MILLER and GREGG SILVER, | |
| Counterclaim Defendants. | |

**MEMORANDUM**

Presently before the Court is Counterclaim Defendants Thomas Miller ("Miller") and Gregg Silver's ("Silver") (collectively, "Moving Defendants") Unopposed Motion for Relief Under Federal Rule of Civil Procedure 60(b)(5). (Doc. 381.)  Specifically, Miller and Silver seek relief "for the limited purpose of asking the Court to vacate the portion of its February 10, 2011 Judgment that awarded $1 million from Miller and $1.25 million from Silver in punitive damages." (*Id*. at 1.)  For the reasons that follow, the motion will be denied.

**BACKGROUND**

On December 7, 2007, Argentum Medical ("Argentum") filed a patent infringement suit against Noble Biomaterials ("Noble") and its principal distributor, Derma Sciences, Inc. (who tendered its defense to Noble based on their distribution agreement).  The patent

infringement claim was dismissed for lack of standing on the grounds that Argentum Medical did not at any time have legal title to the '153 patent. *See Argentum Med., LLC v. Noble Biomaterials*, No. 08-1305, 2010 WL 2650493, at *5 (M.D. Pa. July 1, 2010). It was determined that Argentum International did not have rights to the patent at the time it transferred it to Argentum Medical, and the *nunc pro tunc* agreement was invalid. *Id*.

The case proceeded to a jury trial upon Counterclaim Plaintiff Noble's Lanham Act, product disparagement, and unfair competition counterclaims against Counterclaim Defendants Argentum, Miller, and Silver. During the trial, Defendants moved for judgment as a matter of law. The motion was denied, and the case was decided by a jury. On February 10, 2011, the jury found that all Defendants violated the Lanham Act and engaged in product disparagement, and it found that Silver engaged in unfair competition. The jury awarded Noble $1 million in compensatory damages, which it assessed against Argentum. It also awarded Noble $2.25 million in punitive damages, which it assessed against Miller in the amount of $1 million and Silver in the amount of $1.25 million.

After trial, Counterclaim Defendants filed a renewed motion for judgment as a matter of law and motion for new trial. That motion was denied by Memorandum and Order dated September 23, 2011. *See Noble Biomaterials v. Argentum Med.*, LLC, No. 08-1305, 2011 WL 4458796, at *9 (M.D. Pa. Sept. 23, 2011). Argentum, Miller, and Silver appealed to the United States Court of Appeals for the Federal Circuit, but the appeal was dismissed for failure to prosecute. (Doc. 375.)

In the instant motion, Miller and Silver represent that the parties have fully and amicably resolved all outstanding disputes and claims. Further, they indicate that as a result of the judgments, Argentum filed for bankruptcy protection and Miller and Silver no longer

2

control the company.

Miller and Silver now request that the portion of the judgment that imposed punitive damages against them be vacated. According to Moving Defendants, "the conduct on which the punitive damages were purportedly based on advice of counsel." (Doc. 381, 2.) They assert that the advice of counsel defense was "not fully available" at trial to no fault of their own. Since trial, however, Miller, Silver, and Argentum "pursued claims for legal malpractice that have been amicably resolved with the return to Argentum, Silver and Miller substantial relief." (*Id*. at 2-3.) Nevertheless, Miller and Silver seek to have the judgment imposing the punitive damages be vacated based on their "concern[ ] about pursuing their careers possibly outside of Argentum." (*Id*. at 3.) Miller and Silver emphasize that their request is unopposed. (*Id*.) Moving Defendants' motion is now ripe for disposition.

## DISCUSSION

Miller and Silver seek relief pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. Rule 60(b)(5) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ." Fed. R. Civ. P. 60(b)(5).

As support for their motion, Miller and Silver rely on *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 579 F.3d 1268 (11th Cir. 2009).[1] According to the *AIG Baker*

---

[1] In their motion, Miller and Silver cite a prior appeal in the *AIG Baker* litigation. *See AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995 (11th Cir. 2007). Based on the issues addressed in those appeals, it is apparent that Moving Defendants are relying on the latter decision.

3

court, Rule 60(b)(5) "encompasses the power to declare a judgment satisfied 'when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt.'" *Id*. at 1272 (quoting *Gibbs v. Maxwell House, A Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1155 (11th Cir. 1984)); *see also Kurschinske v. Meadville Forging Co.*, 481 F. App'x 736, 737 (3d Cir. 2012) (citing *AIG Baker* and noting that "Kurschinske appears to believe that the District Court's order deeming Judgments I and II satisfied somehow provided relief from the jury verdict to Meadville Forging. Contrary to her contention, however, the District Court's order did not disturb its previous ruling on the merits of her case. The District Court had authority under Rule 60(b) to grant relief from the judgments, and acted within its discretion in doing so on the ground that both judgments had been satisfied."). However, as Miller and Silver seek vacatur of the portion of the judgment imposing punitive damages and not to have the judgment declared satisfied, *AIG Baker* is inapposite to the matter *sub judice*.

The relief requested by Moving Defendants is generally sought in the context of a motion to have a jury verdict set aside and judgment vacated as a condition of a post-verdict settlement agreement.[2] In that context, the Third Circuit has "voiced [its] opposition to settlements conditioned on nullification of judgments for money damages . . . ." *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 220 (3d Cir. 2003) (citing *Clarendon v. Nu-West Indus.*, 936 F.2d 127 (3d Cir. 1991)). And, the Supreme Court has addressed the issue of "'whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought.' The Court's answer, in a unanimous opinion, might fairly be stated as 'generally no.'" *Id*. (quoting

---

[2] This does not appear to be the case here, however, as Moving Defendants indicate that the "entire matter has been resolved." (Doc. 381, 1.)

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 19, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994)). And, the reasoning of cases involving vacatur of a district court judgment by a court of appeals or the Supreme Court has been utilized by a district court in considering whether to vacate its own judgment. *See DeVore v. City of Phila.*, No. 00-3598, 2003 WL 21961975, at *2-3 (E.D. Pa. June 24, 2003) ("We conclude that the factors considered by the Circuit Court in considering vacatur are also present at this stage of the proceedings after a jury has returned a verdict and the court has entered judgment."). I find the reasoning of those cases applicable to Moving Defendants' motion, and in view of the principles emanating from those decisions, I will decline to vacate the portion of the jury's verdict imposing punitive damages against Moving Defendants.

First, the public's interest in the finality of judgments supports denial of Moving Defendants' motion. Significantly, the Supreme Court has recognized the public interest in judicial precedents, noting that they are "presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Bonner Mall*, 513 U.S. at 26, 115 S. Ct. 386 (citation and internal quotation omitted). While a "jury verdict alone has little or no precedential value, the integrity of all decisions in this court would be weakened by allowing unsuccessful parties to erase unfavorable legal outcomes simply by striking a deal with the other side after the fact." *Evans v. Mullins*, 130 F. Supp. 2d 774, 777 (W.D. Va. 2001).

Additionally, granting Moving Defendants' motion would undermine the legal process. The Supreme Court has explained:

> Congress has prescribed a primary route, by appeal as of right and certiorari,

5

>through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would- quite apart from any considerations of fairness to the parties- disturb the orderly operation of the federal judicial system.

*Bonner Mall*, 513 U.S. at 27, 115 S. Ct. 386. As noted, although Moving Defendants appealed the judgment, the appeal was effectively abandoned and ultimately dismissed for failure to prosecute and I see no reason to allow Moving Defendants to collaterally attack the judgment in the manner utilized here. And, while Miller and Silver submit that the punitive damage award was the result of erroneous legal advice (and the basis of a subsequent malpractice suit), nothing in the record supports that contention. Moreover, Moving Defendants have not cited any authority indicating that such circumstances (if true) compel vacatur of a judgment. Likewise, granting Moving Defendants' motion would trivialize the significant judicial resources dedicated to this litigation, including the services rendered by the eight members of the jury that considered this case.

The public's interest in the integrity of the judiciary also counsels against granting the relief requested by Moving Defendants. As emphasized by the Third Circuit, the Court's "duty lies not in the direction of an automatic acquiescence to the parties' request, but rather with a deliberate consideration of the policy that will best serve the public good." *Clarendon*, 936 F. 2d at 129. Indeed, "[s]ociety would not be served by the impression that the court is beholden to the will of the parties . . . ." *Evans*, 130 F. Supp. 2d at 777.

Lastly, while Moving Defendants' concern about the impact the verdict will have on their ability to pursue careers outside of Argentum is important, this interest does not persuade me that vacatur is appropriate. As explained by the United States District Court for the Western District of Virginia:

> The defendant[s'] [prospective] employer is not bound by the jury's decision in this case, and is free to evaluate the incident according to its own standards and sensibilities. Even if I were to grant the vacatur motion, it would still be true that the jury found in favor of the plaintiff. . . I will not through vacatur create a false impression to the defendants, the defendants' [prospective] employers, or the public at large that I have doubts as to the legal validity of the jury's verdict.

*Evans*, 130 F. Supp. 2d at 776-77.

Accordingly, in the circumstances presented here, vacatur of the portion of the jury's award assessing punitive damages against Moving Defendants is not warranted.

## CONCLUSION

For above stated reasons, the unopposed motion to vacate the punitive damage award against Miller and Silver will be denied.

An appropriate order follows.


September 2, 2014                                                     /s/ A. Richard Caputo
Date                                                                          A. Richard Caputo
                                                                                  United States District Judge